FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2019 JUL 11 AM 10: 33

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

| | |
|---|---|
| JAMES HENDERSON and JOHN HORRELL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TODD RHYNE, INC., )<br>)<br>Defendant. ) | Civil Action No.: 5:19-cv-327-oc-30PRL |

## COMPLAINT

COME NOW the Plaintiffs, JAMES HENDERSON AND JOHN HORRELL ("PLAINTIFFS"), and file this Complaint against DEFENDANT, TODD RHYNE, INC., ("DEFENDANT"), respectfully stating unto the Court the following:

### GENERAL ALLEGATIONS

1. This is a cause of action to recover back pay, compensatory and liquidated damages, attorney fees, costs of litigation and other relief from DEFENDANT for violations of the Fair Labor Standards Act ("FLSA") and breach of contract.

2. At all material times, PLAINTIFFS were citizens and residents of Florida.

3. At all material times, DEFENDANT was a Florida corporation which provided roofing services in Sumter County, Florida, which is where PLAINTIFFS were employed at all relevant times.

## BACKGROUND

4. PLAINTIFF HENDERSON brings this action to require DEFENDANT to pay back wages owed to PLAINTIFF HENDERSON, which DEFENDANT failed to pay in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.*

5. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

6. Upon information and belief, at all relevant times, DEFENDANT had annual gross sales in excess of $500,000.00 and two or more employees who regularly handled goods that moved in or were produced for interstate commerce.

7. At all relevant times, DEFENDANT was an enterprise engaged in commerce as defined at 29 U.S.C. § 203.

8. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

9. In or around June 2018, DEFENDANT hired PLAINTIFF HENDERSON to work as a project manager who was responsible for selling, building and collecting for post-hurricane roof repairs, primarily in Sumter County, Florida. In or around August 2018, DEFENDANT hired PLAINTIFF HORRELL to work as a salesperson, although he became a project manager shortly after he was hired.

10. PLAINTIFF HENDERSON was originally paid on an hourly basis. While he was an hourly employee, PLAINTIFF HENDERSON worked overtime hours for which he received no compensation. He worked seven days per week beginning between 6:30 a.m. and 7:30 a.m. and ending between 11:00 p.m. and 12:00 p.m.

11. The FLSA requires an employer to pay its employees at a rate of at least minimum wage for all hours worked and also requires an employer to pay its employees time and one-half when they work more than 40 hours per week.

12. Despite working at the direction and knowledge of DEFENDANT, PLAINTIFF HENDERSON was not paid at an overtime rate of pay when he worked overtime.

13. Upon information and belief, DEFENDANT has, since the beginning of PLAINTIFF HENDERSON'S employment, willingly, deliberately and intentionally refused to pay PLAINTIFF HENDERSON time and one-half for overtime hours.

14. PLAINTIFF HENDERSON is therefore, owed compensation for time actually worked but not paid, and overtime pay by DEFENDANT, who willingly and knowingly withheld those wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT -PLAINTIFF HENDERSON

15. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

16. DEFENDANT regularly engages in commerce and its employees, including PLAINTIFF HENDERSON, handled and used materials, which have moved in interstate commerce.

17. At all relevant times, DEFENDANT was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* and is subject to the provisions of the Act.

18. PLAINTIFF HENDERSON, at all relevant times was a non-exempt employee of DEFENDANT, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* who performed overtime work for which he did not receive

compensation.

19. During his employment with DEFENDANT, PLAINTIFF HENDERSON performed overtime work for which he was not properly compensated in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. More specifically, DEFENDANT violated the overtime provision of the FLSA by failing to pay PLAINTIFF HENDERSON at a rate of time and one-half when he worked more than 40 hours in a week.

20. Upon information and belief, DEFENDANT'S pay system was unilaterally imposed upon PLAINTIFF HENDERSON by DEFENDANT.

21. DEFENDANT'S failure to compensate PLAINTIFF HENDERSON for all compensable hours violates the overtime provisions of the FLSA and the regulations thereunder.

22. DEFENDANT'S failures to compensate PLAINTIFF HENDERSON for his overtime was a willful and knowing violation of the Act.

23. As a result of DEFENDANT'S willful and knowing failure to properly compensate PLAINTIFF HENDERSON, he has suffered substantial delay in receipt of wages owed and damages.

24. Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANT owes PLAINTIFF HENDERSON compensation at a rate of time and one-half pay for his unpaid overtime, and an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs of litigation.

25. All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF HENDERSON demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF HENDERSON will recover unpaid wages, unpaid overtime, liquidated damages, pre- and post-judgment interest, nominal damages, attorney fees, and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## BREACH OF CONTRACT-BOTH PLAINTIFFS

26. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

27. DEFENDANT agreed to compensate PLAINTIFFS for all their work. More specifically, after working on an hourly basis, DEFENDANT agreed to pay PLAINTIFF HORRELL on a 10/50/50 basis, meaning that for all jobs, DEFENDANT took ten percent of the job cost off the top, then the remainder of the profit was to be split equally between DEFENDANT and PLAINTIFF HENDERSON. DEFENDANT agreed to pay PLAINTIFF HORRELL on a 10/65/35 basis for his work as a project manager, meaning that for all jobs, DEFENDANT took ten percent of the job cost off the top, then the remainder of the profit was to be split with 65 percent of the profit going to DEFENDANT and 35 percent of the profit going to PLAINTIFF HORRELL.

28. PLAINTIFFS performed their work, but DEFENDANT breached its agreements by withholding compensation from PLAINTIFFS. PLAINTIFF HENDERSON estimates that he is owed approximately $80,000 and PLAINTIFF HORRELL estimates that DEFENDANT owes him approximately $15,000.

29. As a result of DEFENDANT failing to pay PLAINTIFFS, they have suffered

substantial damages and have been required to retain an attorney to recoup their compensation.

30. Pursuant to Florida Statute 448.08, PLAINTIFF is entitled to attorney's fees and costs of litigation.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover unpaid wages, pre- and post-judgment interest, nominal damages, and other relief by reason of DEFENDANT'S breach of employment agreement; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

## COUNT III
## FLSA-RETALIATION-PLAINTIFF HENDERSON

31. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

32. PLAINTIFF HENDERSON engaged in protected activity by complaining to DEFENDANT that he had not been getting paid as he should in violation of the Fair Labor Standards Act.

33. In response, PLAINTIFF HENDERSON was constructively discharged from his job by DEFENDANT refusing to pay him and taking an improper $5,000 deduction from his pay. Under such circumstances, no reasonable person would have continued to work for DEFENDANT.

34. Upon information and belief, PLAINTIFF HENDERSON'S complaint was the reason for his termination or at the very least, was a motivating factor.

WHEREFORE, PLAINTIFF HENDERSON demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF HENDERSON will

recover lost wages and fringe benefits, damages for mental anguish, embarrassment and humiliation, punitive damages, pre- and post-judgment interest, other compensatory damages, nominal damages, and other relief by reason of DEFENDANT'S violation of the FLSA's retaliation provision; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

Dated: July 9, 2019

Respectfully submitted,

**THE LAW OFFICE OF MATTHEW BIRK**

**/s/ Matthew W. Birk**
**Matthew W. Birk**
Florida Bar No.: 92265
309 NE 1st Street
Gainesville, FL  32601
(352) 244-2069
(352) 372-3464 FAX
mbirk@gainesvilleemploymentlaw.com
ATTORNEYS FOR PLAINTIFF