UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMES HENDERSON, JOHN
HORRELL and CHRISTOPHER
MORENO,

    Plaintiffs,

v.                                                             Case No: 5:19-cv-327-Oc-30PRL

TODD RHYNE, INC.,

    Defendant.
_____

## REPORT AND RECOMMENDATION[1]

Plaintiffs, James Henderson, John Horrell, and Christopher Moreno,[2] are previous employees of Defendant, and allege claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as state law claims for breach of contract, tortious interference with a contractual relationship, and defamation. (Doc. 3). Defendant now moves to dismiss Plaintiffs' amended complaint. (Doc. 8). For the reasons discussed below, I submit that Defendant's motion is due to be denied.

    **I.**        **BACKGROUND**[3]

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] Plaintiffs spell Christopher Moreno's name both "Moreno" and "Merino." The Court will refer to him as Mr. Moreno.

[3] At this stage in the proceedings, the facts alleged in Plaintiffs' First Amended Complaint (Doc. 3) are accepted as true and construed in the light most favorable to the plaintiff. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010).

This case arises from Plaintiffs' alleged employment with Defendant Todd Rhyne, Inc., a roofing company. (Doc. 3, ¶¶ 9, 11). Around June 2018, Defendant hired James Henderson as a project manager to sell, build, and collect for post-hurricane roof repairs, primarily in Sumter County, Florida. (Doc. 3, ¶ 9). Defendant originally paid Henderson hourly, and he worked seven days a week, from 6:30 a.m. or 7:30 a.m. until around 11:00 p.m. (Doc. 3, ¶¶ 10, 13). Henderson alleges that he was not paid overtime wages and when he complained to Defendant, he was "constructively discharged" and Defendant took a $5,000 deduction from his pay. (Doc. 3, ¶ 34).

In June 2018, Defendant hired Christopher Moreno as the director of sales and to collect $3,000,000 in receivables. (Doc. 3, ¶ 11). Moreno remained the director of sales until he resigned in April 2019 and started working for his current employer, Universal Contracting of Florida. (Doc. 3, ¶¶ 11, 37). Moreno alleges that after he resigned, Defendant told his new employer that he was a thief and had cost Defendant money. (Doc. 3, ¶¶ 39, 43). As a result, Moreno claims that he had less opportunity for growth with his current employer. (Doc. 3, ¶¶ 41, 44). Defendant paid Horrell and Moreno on a percentage basis: they each received a percentage of the job cost and also shared a percentage of the job's profit with the Defendant. (Doc. 3, ¶ 28).

In August 2018, Defendant hired John Horrell to work as a salesperson, but he became a project manager shortly after. (Doc. 3, ¶ 9). Moreno was paid a weekly base salary of $1,250 plus a 1.5 percent bonus on any amounts he collected, a housing allowance of $2,450 per month, $800 per month for health insurance, and paid vacation. (Doc. 3, ¶ 28). Plaintiffs claim that they performed all of their work, but Defendant still owes Horrell around $15,000, Henderson around $80,000, and Moreno[4] around $100,000. (Doc. 3, ¶ 29).

---

[4] Plaintiffs state that Defendant owes "HORNELL" over $100,000. However, the sentence directly before states that Horrell is owed approximately $15,000, so it appears Plaintiffs mistakenly wrote "Hornell" instead of "Moreno." (Doc. 3, ¶ 29).

Now, in Counts I and III, Henderson seeks relief against Defendant under the FLSA for failing to pay him overtime wages and retaliation. In Count II, all three Plaintiffs seek relief against Defendant for breach of contract. And in Counts IV and V, Moreno seeks relief against Defendant for tortious interference with a contractual relationship and defamation.

## II.   LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly,* 550 U.S. at 570). The court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences from there. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). In considering the sufficiency of the complaint, the court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *Id.*

The Eleventh Circuit uses a two-pronged approach in applying the holding in *Ashcroft* and *Twombly*. First, the Court must "eliminate any allegations in the complaint that are merely legal conclusions," and then, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal,* 556 U.S. at 679).

A well-pled complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556. The issue to be decided when considering a motion to dismiss is not whether the claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), overruled on other grounds by *Davis v. Scheuer*, 468 U.S. 183 (1984).

### III. DISCUSSION

#### A. FLSA claims

Plaintiff Henderson brings two claims under FLSA: in Count I Henderson alleges that Defendant failed to pay him overtime wages and in Count III he alleges that Defendant constructively discharged him for complaining about the wages. Defendant argues that Counts I and III should be dismissed because Henderson failed to allege that the FLSA applies to it.

The FLSA applies to employers who have employees "engaged in commerce or in the production of goods for commerce" (*i.e.*, individual coverage) or "employed in an enterprise engaged in commerce or in the production of goods for commerce" (*i.e.*, enterprise coverage). 29 U.S.C. § 207(a)(1); *see Thorne v. All Restoration Servs. Inc.*, 448 F.3d 1264, 1265–66 (11th Cir. 2006).

Individual coverage exists when an employee is "engaged in commerce," which requires the employee to be

> directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Thorne*, 448 F.3d at 1266 (citing 29 C.F.R. §§ 776.23, 776.24). Henderson alleges that as a project manager, he sold, built, and collected for post-hurricane roof repairs primarily in Sumter County, Florida. (Doc. 3, ¶ 9). He further contends that Defendant, for whom he worked, "regularly engages in commerce and its employees, including Plaintiff Henderson, handled and used materials, which have moved in interstate commerce." (Doc. 3, ¶ 17). Those allegations appear insufficient to establish individual coverage, but Plaintiff's primary position, which does appear sufficient (even if barely so), is that Defendant is a covered enterprise. Indeed, this is Plaintiff's express contention. (see Doc. 3, ¶ 7).

Enterprise coverage exists where an employer (1) grosses more than $500,000 and (2) has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. 29 U.S.C. § 203(s)(1); *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1299 (11th Cir. 2011). Here, Henderson has alleged that Defendant grosses more than $500,000, had "two or more employees who regularly handled goods that moved in or were produced for interstate commerce", and, indeed, that it was an "enterprise engaged in commerce." (Doc. 3, ¶¶ 6, 7).

Although Defendant argues that these allegations are "without any further facts and [is] simply a recitation of the elements of the cause of action" (Doc. 8), at this stage of the proceedings, Henderson only must plead facts that, if true, establish a claim under the FLSA. *See Twombly*, 550 U.S. at 544. While Plaintiff doesn't say the wood or nails used came from a specific state, he alleges the nature of the business, the nature of the work, and under the "handling clause," the materials used in Defendant's roof repair business moved in interstate commerce. Accordingly, Defendant's motion to dismiss should be denied as to Counts I and III because Plaintiff sufficiently

alleged that the FLSA applies to the Defendant. *Cf. Asalde v. First Class Parking Sys. LLC*, 898 F.3d 1136, 1144 (11th Cir. 2018) (finding a defendant not entitled to summary judgment on FLSA "enterprise coverage" because "a jury could find that the valet tickets used by [the defendant's] employees constitute 'materials,'" and "a jury could also find . . . that the tickets were manufactured outside of Florida and moved in interstate commerce").

### B. Breach of contract claim

In Count II, all three Plaintiffs bring a breach of contract claim against Defendant for failing to compensate Plaintiffs for their work. (Doc. 3, ¶¶ 27-31). Defendant argues that Count II should be dismissed because Plaintiffs failed to comply with Florida Rule of Civil Procedure § 1.130(a), which requires all contracts or documents upon which an action may be brought to be incorporated in the complaint.

Defendant's argument is without merit. The Federal Rules of Civil Procedure govern this case, and there is no requirement that a plaintiff attach a contract to a complaint under the federal rules. *See Lamonaco v. USAA Cas. Ins. Co.*, No. 8:08-CV-787-T-27MAP, 2008 WL 11334887, at *1 (M.D. Fla. May 22, 2008); *see also Spring Air Int'l, LLC v. R.T.G. Furniture Corp.*, No. 8:10-CV-1200-T-33TGW, 2010 WL 4117627, at *5 (M.D. Fla. Oct. 19, 2010) ("This Court finds that [plaintiff] is not required to attach a copy of the contract to the complaint in order to state a claim upon which relief may be granted."); *Coyne v. Lucky M.K., Inc.*, No. 205CV25FTM29SPC, 2005 WL 1309267, at *2 (M.D. Fla. May 31, 2005) ("There is no requirement that such contracts be attached, and the complaint adequately alleges the existence of such contracts.").

Although Defendant claims that a Florida rule applies to Count II, Defendant also argues that Count II violates Fed. R. Civ. P. 8(a)(2) and 10(b). Defendant asserts that Count II "comingles

allegations of all three Plaintiffs and fails to set out separate claims and allegations that places [Defendant] on reasonable notice as to the claim brought against [it]." (Doc. 8).

The critical issue under Rule 8(a) is whether Plaintiffs have alleged "a short and plain statement of the claim," which they have done. *Lamonaco*, 20008 WL 11334887, at *1. Rule 10(b) requires that the allegations of a claim be "in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . [and] [i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Although Plaintiffs did include the details of three contractual agreements in a single paragraph (Doc. 3, ¶ 28), and the amount Defendant owed Plaintiffs in a single paragraph (Doc. 3, ¶ 28), doing so did not impede the clarity of the allegations, and Count II adequately placed Defendant on notice of what the claim was and the ground on which it rested. *See Weiland v. Palm Beach Cty. Sherriff's Office*, 792 F.3d 1313, 1325 (11th Cir. 2015) ("A dismissal under Rule 8(a)(2) and 10(b) is appropriate where 'it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief.'") (quoting *Anderson v. District Bd. Of Trustees*, 77 F.3d 364, 366 (11th Cir. 1996)). Therefore, Defendant's motion to dismiss should be denied as to Count II as well.

### C. Tortious interference claim

In Count IV, Plaintiff Moreno alleges that Defendant tried to get Moreno to lose his job by telling his new employer that he had cost Defendant money and was a thief. (Doc. 3, ¶¶ 37-39). Moreno claims that because of Defendant's actions, he "suffered damages, including less opportunity for growth with his current employer." (Doc. 3, ¶ 41).

Defendant seeks the dismissal of Count IV for "failure to state a claim of damages." (Doc. 8). Defendant relies on *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So.2d 812 (Fla. 1994)

for its contention that Moreno's damages are speculative and insufficient to allege a tortious interference claim. (Doc. 8). In *Ethan Allen, Inc.*, the court decided that "as a general rule, an action for tortious interference with a business relationship requires a business relationship evidenced by an actual and identifiable understanding or agreement which in all provability would have been completed if the defendant has not interfered." *Id.* at 815.

Even so, at this stage in the proceedings, Moreno need not provide actual evidence of his damages, or evidence of an actual agreement with his employer that would have been completed if Defendant had not interfered. Instead, Moreno must plead facts that, if true, show that Defendant tortiously interfered with a contractual relationship. *See Twombly*, 550 U.S. at 544. This he has done. Whether Moreno has actually suffered damages, including less opportunity for growth with his employer, is one that should be left to the discovery phase. *See, e.g.*, *Orange Lake Cty. Club, Inc. v. Reed Hein & Assocs. LLC*, Case No. 6:17-cv-1542-Orl-31DCI, 2018 WL 5279135, at *4 (M.D. Fla. Oct. 24, 2018) (declining to dismiss a tortious interference claim because whether a party was predisposed to breach a contract "is a fact-intensive inquiry inappropriate for resolution at this stage"). Therefore, Defendant's motion to dismiss should be denied as to Count IV.

### D. Defamation claim

Finally, in Count V, Plaintiff Moreno alleges a defamation claim based on Defendant's statements to his employer. (Doc. 3, ¶¶ 42-44). In Florida, defamation requires a plaintiff to show (1) publication; (2) falsity; (3) that the defendant acted negligently on a matter about a private person; (4) actual damages; and (5) that the statement was defamatory. *Jews for Jesus, Inc. v. Rapp*, 997 So.2d 1098, 1106 (Fla. 2008).

Defendant argues that Count V should be dismissed for failure to allege actual malice and damages. However, actual malice is not an element of a defamation claim in Florida, and a plaintiff

must only allege malice if a qualified privilege is established. *See Hoon v. Pate Const. Co.*, 607 So. 2d 423, 429 (Fla. Dist. Ct. App. 1992). Neither party claims that qualified privilege applies to Defendant's statements. And, while not stating something specific like he was denied a promotion of a particular type on a specific date, Moreno does allege that he "has suffered damages, including less opportunity for growth with his current employer" (Doc. 3, ¶ 44). Accordingly, Defendant's motion to dismiss should be denied as to Count V.

### IV.  RECOMMENDATION

For the foregoing reasons, it is respectfully RECOMMENDED that Defendant's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 8) be DENIED.

Recommended in Ocala, Florida on December 13, 2019.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy