UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMES HENDERSON and JOHN HORRELL,

    Plaintiffs,

v.                                              Case No: 5:19-cv-327-JSM-PRL

TODD RHYNE, INC.,

    Defendant.

## ORDER

Before the court is Plaintiffs' request for reconsideration on this court's Order denying the plaintiffs' motion to compel. (Doc. 39). The court originally denied the motion to compel as moot because the defendant asserted that it had already provided all of the requested information to the plaintiffs before they filed the motion to compel. (Doc. 37, 38). Plaintiffs now claim that the defendant has misrepresented to the court that it provided the requested discovery information. (Doc. 39). Notably, the plaintiffs did not request to file a reply or notify the court that the defendant made this misrepresentation until after the court had ruled on the motion to compel.

Local Rule 3.01(g) provides that "[b]efore filing a motion in a civil action, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, or to certify a class, the movant must confer with the opposing party in a good faith effort to resolve the motion. The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." *Desai v. Tire Kingdom, Inc.*, 944 F. Supp. 876, 878 (M.D. Fla. 1996). Further, the term "communicate" has been defined as

"to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, No. 6:98-CV-651-ORL-22A, 2000 WL 1658575 at n. 1 (M.D. Fla. Aug. 14, 2000). The Court expects counsel to comply with both the letter and spirt of Local Rule 3.01(g). It seems that better communication might eliminate the discovery issues in this case.

Moreover, the parties are reminded that "[d]iscovery in this district should be practiced with a spirit of cooperation and civility. The district's attorneys and the court are justifiably proud of the courteous practice that is traditional in the Middle District." Middle District Discovery (2015) at 3. Cooperation, courtesy, civility—these ideals should be strived for by all parties, even the parties here, on both an individual and a collective basis. Being cooperative, courteous, and civil doesn't mean that parties can't be adversarial, or attorneys anything less than zealous advocates.

Generally, as the comments to the 2015 Amendment acknowledge, "discovery will be effectively managed by the parties." *Id.* As the comments also acknowledge, however, "there will be important occasions for judicial management, both when the parties are legitimately unable to resolve important differences and when the parties fall short of effective, cooperative management on their own." *Id.* Defendant represented that it has provided all of the requested discovery information to the plaintiffs, and Plaintiffs represent that there are additional documents that the defendant has yet to produce. This clear misunderstanding shows that better communication between the parties could effectively resolve the issues without judicial assistance.

Accordingly, the motion to reconsider is due to be denied without prejudice, unless and until the parties can certify they have met and conferred regarding each and every discovery request that still remains in dispute. On or before **March 9, 2020**, the parties are

directed to meet and confer regarding Plaintiff's motion. In doing so, the parties shall fully satisfy both the letter and spirit of Local Rule 3.01(g), and specifically and meaningfully discuss, either in person or via telephone <u>each</u> and <u>every</u> issue pertinent to the motion that remains in dispute in an effort to reach a resolution. If the parties are still unable to resolve the issues, a renewed motion may be filed that specifically details to the court which requests have yet to be produced. Plaintiff also requested that the discovery deadline be extended 30 days, but did not state whether the defendant was opposed to this relief. The parties should also discuss this aspect of the motion.

Additionally, the request to extend the deadline to notify the Court of mediation by four days is **GRANTED**. The parties shall file a mediation notice on or before March 5, 2021.

**DONE** and **ORDERED** in Ocala, Florida on March 3, 2021.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties